E-FILED
Wednesday, 05 December, 2012 03:59:25 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | Case No. 10-CR-20090 |
| v. ) | |
| ) | |
| JUAN BRITTON, ) | |
| ) | |
| Defendant. ) | |

# OPINION[1]

This case is before the court for ruling on the Rule to Show Cause (#56) issued by this court to Attorney Beau B. Brindley on November 26, 2012. A hearing was held on November 30, 2012, and Attorney Brindley appeared. Following this hearing, this court makes these findings of fact: (1) Attorney Brindley entered his appearance on behalf of Defendant Juan Britton on July 26, 2011; (2) since that date, Attorney Brindley, who is lead counsel for Defendant Britton, appeared mainly by telephone or his associate, Michael J. Thompson, appeared for Defendant Britton; (3) on November 6, 2012, this court entered a text order, directed to Defendant Britton, which set a status conference by personal appearance and specifically stated that "Attorney Beau Brindley to be present in person on 11/26/2012 at 1:00 p.m. and not through other counsel;" (4) Attorney Brindley did not appear on 11/26/2012 at 1:00 p.m.; (5) this court issued an Order setting a contempt hearing for 11/30/2012 at 1:00 p.m.; (6) Attorney Brindley filed a Response to Rule to Show Cause Order and Request to Continue

---

[1] This court is entering its written Opinion several days following the contempt hearing because of a long-scheduled vacation to Louisville, Kentucky starting the afternoon of November 30, 2012, and because of a triple murder trial which began on December 3, 2012.

Hearing (Motion to Continue) (#59), which was denied; (7) the Motion to Continue contained demonstrably false statements; (8) Attorney Brindley appeared before this court on 11/30/2012, was sworn, and made false statements to this court; and (9) Attorney Brindley willfully failed to obey an order of this court. Based upon these findings, this court concluded that Attorney Brindley was in willful contempt of this court and remanded him to the custody of the United States Marshal for a term of 48 hours, to be released on 12/2/2012, at 1:30 p.m.

## BACKGROUND

**I. Summary of the underlying case**

On November 3, 2010, Defendant Britton and his co-defendant Antonio Colon were charged by indictment (#7) with the offense of conspiracy to possess with the intent to distribute 500 or more grams of a mixture and substance containing cocaine, a Schedule II controlled substance. Defendant Britton was also charged with the offense of knowingly possessing 500 grams or more of a mixture and substance containing cocaine with the intent to distribute it. John C. Taylor of the Federal Public Defender's office was appointed to represent Defendant Britton. On July 13, 2011, Defendant Britton was charged by superseding indictment (#25) with two counts of knowingly possessing 500 grams of a mixture and substance containing cocaine with the intent to distribute it, two counts of conspiracy to possess with the intent to distribute a mixture and substance containing cocaine, and one count of knowingly possessing a firearm in furtherance of a drug trafficking crime. Defendant Colon was again charged with one count of conspiracy.

On July 26, 2011, Attorney Brindley filed a Motion to Substitute Counsel (#29) and asked that he and Attorney Michael J. Thompson be substituted as counsel for Defendant Britton.

On July 27, 2011, Attorney Thompson appeared for Defendant Britton before Magistrate Judge David G. Bernthal. Judge Bernthal allowed the substitution and arraigned Defendant Britton on the superseding indictment. Numerous status conferences and hearings on motions to continue have subsequently been held in this case by this court. Attorney Brindley, who is lead counsel in the case, has only appeared in person on one occasion, on June 21, 2012. Otherwise, Attorney Brindley has appeared by telephone or Attorney Thompson has appeared on behalf of Defendant Britton.

On February 8, 2012, a second superseding indictment (#38) was filed. This indictment added a charge against Defendant Britton that he knowingly and intentionally distributed 500 grams of more of a mixture and substance containing cocaine and also added charges against Defendant Colon. Attorney Thompson appeared on February 16, 2012, for Defendant Britton's arraignment on the second superseding indictment. The case was set for a final pretrial conference on April 5, 2012, and a jury trial on April 16, 2012. On March 23, 2012, Defendant Britton filed a Motion to Continue the trial date (#48). On March 26, 2012, this court entered a text order which set a hearing on the Motion to Continue on April 5, 2012, at 2:15 p.m. by personal appearance. This court's Order also stated "Attorney Brindley and Defendant Britton are to be present in open Court for this hearing." Regardless of the Order, on April 5, 2012, only Attorney Thompson appeared on behalf of Defendant Britton. The Motion to Continue was granted and the trial date was vacated. On June 21, 2012, Attorneys Brindley and Thompson appeared on behalf of Defendant Britton and the case was set for a final pretrial conference on February 8, 2013, at 1:30 p.m. and a jury trial on February 19, 2013, at 9:00 a.m.

On June 28, 2012, Defendant Colon filed a Motion to Quash Arrest and Suppress Evidence (#52). A hearing on the Motion was subsequently set for November 26, 2012, at 1:30

p.m. On November 6, 2012, in the interest of directly confirming the status with Attorney Brindley, this court entered a Text Order which stated:

> TEXT ORDER as to Juan Britton Entered by Judge Michael P. McCuskey on 11/6/2012. Status Conference set for 11/26/2012 at 1:00 PM **by personal appearance** in Courtroom A in Urbana before Judge Michael P. McCuskey. Pre-trial motions and the jury trial in this case will be discussed by the Court with defendant's lead counsel Beau Brindley and AUSA Coleman. **Attorney Beau Brindley to be present in person on 11/26/2012 at 1:00 p.m. and not through other counsel**. The US Marshal is directed to transport defendant Britton so he can be present in person for this hearing. (Emphasis added.)

**II. Attorney Brindley's refusal to appear in accordance with Order of November 26, 2012**

On November 26, 2012, Attorney Brindley did not appear as ordered. Notably, Attorney Richard Beuke, who was counsel for Britton's co-defendant, Colon, did in fact appear as ordered (10-CR-20090-MPM-DGB-2, Minute Entry for November 27, 2012). The clerk attempted to call Attorney Brindley's office number. There was no answer so this court left a voice mail message. This court entered a minute entry, stating in pertinent part, as follows: "Rule to Show Cause to enter as to why attorney Beau Brindley should not be held in contempt of court for failure to appear for today's hearing or explain why he was absent." The same day, a written Order (#56) was entered. That Order (#56) stated, in its entirety, as follows:

> On the Motion of the Court:
>
> IT IS ORDERED THAT on Friday, November 30, 2012, at 1:00 p.m., before the Honorable Michael P. McCuskey at the Federal Courthouse, Courtroom A, 201 S. Vine Street, Urbana, Illinois, Attorney Beau B. Brindley shall appear and show cause why he should not be held in contempt of court for his

> failure to appear for the status conference set by personal appearance for November 26, 2012, at 1:00 p.m. The status conference was set by text order issued November 6, 2012, said text order being sent electronically to Attorney Beau B. Brindley.
>   IT IS FURTHER ORDERED that this Order be personally served upon Attorney Beau B. Brindley.

(#56).

On November 28, 2012, at 5:33 p.m., Attorney Brindley filed a Response to Rule to Show Cause Order and Request to Continue Hearing (#59).[2] Brindley stated that when he appeared on June 21, 2012, the case was set for a pretrial conference and trial and "[n]o indication was given that a further status conference would occur prior to the pretrial conference." He stated that he "was not expecting any such conference." (#59 ¶ 1). Attorney Brindley further stated that, between June 12, 2012 and November 5, 2012, all of the minute orders in the case had been regarding Defendant Colon. He stated that he "was not looking for or expecting any order related to Mr. Britton as he believed that he was not required to appear in court prior to February 8, 2012." (#59 ¶ 2). He stated that he was in the midst of a trial and did not see the minute order from the case that was issued on November 6, 2012. This court notes that according to CM/ECF, a jury verdict was entered in that case, *United States v. Ayala-German et al.*, 09-CR-00546-7 (N.D. Ill.) on November 14, 2012. He stated that he "apologized for that oversight." He stated that he did not see the text order so he was unaware that he needed to appear.

Attorney Brindley further stated that he was unable to appear on November 30, 2012 to answer the Rule to Show Cause Order because he was scheduled to be in Will County for a short trial in *People v. Eatman* on November 30, 2012. He stated that there "was apparently some

---

[2] Notably, Attorney Brindley filed two documents, entries #58 and #59 that were substantially similar, but the second correcting a number of typographic errors in the first. At no time did he did not explain the second filing, leaving it up to the court to waste valuable time resolving why he filed two superficially identical filings.

chance that the trial might not go forward as scheduled" but that "the necessary court appearance will make it essentially impossible for the undersigned to personally appear in person before this Court at 1:00 p.m." Attorney Brindley then asked this court to continue the date set for his appearance on the rule to show cause order. Attorney Brindley stated that, because of various commitments, he requested that the hearing regarding the rule to show cause be continued to December 28, 2012, when he could appear in person. Attorney Brindley did state that he could be available to appear on this matter via a telephone conference on December 3, 2012, at 1:00 p.m. December 28, 2012, the date until which Attorney Brindley proposed to continue his hearing, is approximately *one month* after the date mandated by this court. On November 29, 2012, this court denied Attorney Brindley's Motion to Continue by text order.

Later on November 29, 2012, at 3:53 p.m., the Government filed a Notice to Court of Information Regarding Rule to Show Cause (#60). The Government attached documents related to *People v. Eatman*, Will County Case No. 2011CF2193. The Government stated that the docket showed that, on July 17, 2012, Timothy Witczak entered his appearance in the case. The Government further stated that Attorney Witczak was listed on the Illinois Attorney Registration records as being registered with the Law Offices of Beau Brindley. The Government further stated that the docket showed that, on August 13, 2012, the case was set for trial on December 10, 2012, by agreement of the parties. The Government pointed out that the docket also reflected that on November 28, 2012, the attorney of record, Attorney Witczak, filed via telephone a motion to continue the trial. A hearing on the motion to continue was scheduled for November 30, 2012, at 9:30 a.m. in Courtroom 405 in the Will County courthouse. The Government also filed a statement by the prosecutor in the *Eatman* case, Jeffrey Tuminello. Tuminello stated that

the defendant's original attorney, John Giralamo, had withdrawn and Attorney Witczak "is the only other defense attorney to appear on this case."

On November 29, 2012, at 5:13 p.m., Attorney Brindley filed a Response to Notice Regarding Rule to Show Cause (#61). Brindley stated that he will be the trial attorney in the *Eatman* case because he is Mr. Eatman's counsel of choice. Brindley stated that Witczak asked him to appear with Witczak for a hearing on November 30, 2012, which would determine if the trial would be continued. Brindley stated that he "believed that the trial was actually scheduled for November 30, but was likely to be continued" and that Witczak "was asking him to appear to insure that the continuance was granted." Brindley stated that he believed that, if the continuance was not granted, "they would have to proceed with the trial as scheduled on that day." Attorney Brindley stated that, after this court denied his Motion to Continue, he spoke with Attorney Witczak and, at that time, "Witczak corrected [his] incorrect belief that the trial itself was scheduled for November 30 and informed him that it was only the motion to continue that was scheduled for that date." Attorney Brindley attached an affidavit from Attorney Witczak to attest to these facts.

On November 30, 2012, at 1:00 p.m., Attorney Brindley and Attorney Thompson appeared for the hearing. The Government was represented by Rhonda Coleman. At the hearing, AUSA Coleman introduced an exhibit which was an email statement from Tuminello that Attorney Witczak called him about a continuance in the *Eatman* case around 2:30 or 3:00 p.m. on November 28, 2012.

The email stated, in its entirety, as follows:

> On 8/13/12 this case was set for jury trial on 12/10/12 at 1000a.m. Attorney Timothy Witczak called me on 10/28/12[3] [*sic*] and stated that he would file a motion to continue. I told him to do that as soon as possible and that I would not object. The case is up for defendants motion to continue on 11/30/12 at 930 am. The defendant used to be represented by John Giralamo. He has withdrawn. Attorney Witczak filed an appearance on this case on 7/17/12. Attorney Witczak is the only other defense attorney to appear on this case.

Attorney Brindley was sworn and testified regarding his failure to appear and the inaccuracies in his Motion to Continue regarding the proceedings in the *Eatman* case in Will County.

## ANALYSIS

Under 18 U.S.C. § 401, a person is guilty of criminal contempt when he misbehaves in the presence of a court of the United States or so near thereto as to obstruct the administration of justice, 18 U.S.C. § 401(1), or where he acts in disobedience of its lawful writ or order, 18 U.S.C. § 401(3). The essential elements of criminal contempt are a lawful and reasonably specific order of the court, and a willful violation of that order. *United States v. Hoover*, 240 F.3d 593, 596 (7th Cir. 2001).

**I. Deceptive and obstructive statements made in filings with this court**

It is clear that Attorney Brindley filed a false Motion to Continue with this court in order to give the appearance that he was unavailable for the hearing on the Rule to Show Cause. Attorney Brindley claimed in his Response (#59) that he was "scheduled to be in Will County for a short trial" on November 30. In his Reply (#61), Attorney Brindley revised his previous filing to indicate that he "believed that the trial was actually scheduled for November 30, but [that the

---

[3] In a followup email, ASA Tuminello clarified that he had made a typographical error and had intended 10/28/12 to be 11/28. In that email, he also indicated that Attorney Witczak called him between 2:30 and 3:00pm.

trial] was likely to be continued," and that it was not until November 29 that "Mr. Witczak corrected [Brindley's] incorrect belief that the trial itself was scheduled for November 30 and informed him that it was only the motion to continue that was scheduled for that date."

However, as demonstrated by the Government, Attorney Brindley created a scheduling conflict out of whole cloth by having Attorney Witczak file a Motion to Continue in the *Eatman* case. When this court entered its Order on November 26, 2012 ordering Attorney Brindley to appear on November 30, *nothing* was set in the *Eatman* case for November 30. The case was, in truth, set for jury trial on December 10, 2012 at 10:00am and had been set for that date ever since August 13, 2012. Therefore, Attorney Brindley did not, at the time that this court entered its order on November 26, have the previous engagement that he proffered as precluding him from appearing in this court on November 30.

However, around 2:30 to 3:00pm on November 28, only after this court entered its order for Attorney Brindley to appear, Attorney Witczak called Assistant State's Attorney Tuminello to inform him that he intended to file a motion to continue, to be heard on November 30, 2012 at 9:30am. When directed to appear in person on November 30 to show cause as to why the court should excuse his failure to appear on November 26, Attorney Brindley attempted to deceive this court by creating, *ex post*, a conflict so he could avoid appearing on November 30. Furthermore, even if the scheduling conflict was purely an independent oversight on Attorney Witczak's part, this court takes judicial notice of the fact that the distance between 14 West Jefferson Street in Joliet, IL, the location of the Will County Courthouse, and 201 S. Vine Street, Urbana, IL, the location of the U.S. Courthouse for the Central District of Illinois, Urbana Division, is approximately 120 miles. Assuming that an uncontested hearing on a motion to continue takes one hour (or that the court was delayed due to its prior hearings), and that there is bad traffic,

which is rare on Interstate 57, extending a two-hour-fifteen-minute drive to three hours, Attorney Brindley could still make it to this courthouse by 1:30pm. At the very least, if he had ever intended to obey this court's order to appear at 1:00pm on November 30, 2012, he could have filed his motion to continue for several hours, not *one whole month*.

Finally, in his Response, Attorney Brindley attests that "Mr. Witczak asked [him] to appear with him for a hearing on November 30, 2012, which would determine if the trial in the Eatman case would be continued. . . . Mr. Witczak was asking him to appear to insure that the continuance was granted." As discussed above, the prosecutor in the case already informed Attorney Witczak by telephone that he would not object to the motion. Far be it for this court to second guess the procedures of our brethren at the Will County Court, but it would be quite unusual if the bench there refused to grant an *uncontested* motion to continue in a criminal case on the grounds that the most experienced member of the firm was willing but unavailable and the only attorney available was one who had only graduated from law school in 2011.[4]

**II. Manner and demeanor in court evidenced deception and untruthfulness**

This court further finds that Attorney Brindley's manner and demeanor during his testimony before the court was rife with indicators of evasion, deception, and untruthfulness. Attorney Brindley refused to make eye contact with the court until specifically directed to do so. Further, he was unable to give any clear answer as to the discrepancies regarding his Motion to Continue in the *Eatman* case. Attorney Brindley would have this court believe that for a trial that he believed would begin on November 30, that as of November 28 not only had he neglected to file his appearance, but that he had not once confirmed that court's docket *for the correct date of*

---

[4] http://brindleylaw.com/professionals/timothywitczak.html.

*trial*, much less prepared for it. This is a preposterous assertion, and in light of this court's observation of his manner and demeanor while giving testimony under oath, not one that this court finds credible.

**III. Findings of fact**

Taking into consideration the factors discussed above, this court finds, accordingly, that Attorney Brindley was not telling the truth about his failure to appear in person after being clearly and specifically ordered to do so by this court and that he was not telling the truth about his unavailability on November 30. This court therefore concludes that Attorney Brindley willfully failed to appear on November 26, 2012, even though there was a specific order of this court that he do so.

Rule 42(b) of the Federal Rules of Criminal Procedure provides that a district court "may summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies." *See United States v. Griffin*, 84 F.3d 820 (7th Cir. 1996). This court concludes that Attorney Brindley willfully violated a court order, willfully made false statements in his Motion to Continue (#59), and willfully provided false testimony before this court.

IT IS THEREFORE ORDERED THAT Attorney Brindley is found in willful contempt of court and is remanded to the custody of the United States Marshal for a term of 48 hours.

ENTERED this day 5th of 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE